UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEST COAST DISTRIBUTING, INC., a
Massachusetts corporation,

Plaintiff,

v.

AMERICAN TRANSPORT, INC., a
Washington corporation,

Defendant.

Case No. C08-5140FDB

ORDER DENYING DEFENDANT'S
MOTION TO VACATE ORDER AND
JUDGMENT OF DEFAULT

## BACKGROUND

A default judgment was entered on June 19, 2008. Defendant now moves to vacate the Judgment of Default pursuant to 60(b)(4)(void judgment) contending that the Summons and Complaint were mailed to the wrong address and Defendant failed to follow the correct statutory procedures under RCW 23B.05.040 in that there was no showing of reasonable diligence to locate Defendant's registered agent. Thus, Defendant argues that the Judgment is void for lack of notice Plaintiff opposes the motion.

Here is the chronology of events in this case:

January 18, 2008 – Letter from West Coast Counsel to American Transport Counsel: if payment not received by January 28, 2008, legal proceedings immediately will be instituted.

March 7, 2008 – Complaint herein is filed.

March 18 & 19, 2008 – ABC legal messengers made several attempts to serve American Transport Registered Agent Petr Marchenko at 13220 – 42nd Ave. E. Tacoma, WA 98446. (Gated residence; no access, no response from honking at the gate, gate secured.)

ORDER - 1

1        March 31, 2008 – Attempted service of process through the Washington Secretary of State's Corporations Division pursuant to Fed. R. Civ. P. 4. By letter of April 2, 2008, the Corporations Division advises Service by certified mail to Marchenko; however, in the letter, the address given is 13720 – 42nd Ave. E., which is incorrect, but the address on the copy of the envelope is correct: 13220 – 42nd Ave. E. The Post Office returned the envelope to sender as "UNCLAIMED UNABLE TO FORWARD" as of April 22, 2008.

       May 2, 2008 – American Transport filed its "Collection Case" "First Amended Complaint for Money Principal: $73,321.00" in Superior Court, Monterey County California against West Coast Distributing, Inc., Super Valu Holdings, Inc., Pro-Act, Inc., and Does 1–20.

       June 10, 2008 – Plaintiff sent American Transport's insurer a copy of the statement of damages submitted in support of entry of the default judgment. American Transport never responded.

       June 19, 2008 – Default Judgment in the amount of $110,803.63 was entered following submission of documents supporting the claim for damages.

## APPLICABLE LAW

       The purpose of the default procedures is to protect diligent parties from delay and uncertainty caused by unresponsive parties. *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996). Relief from default judgment for on procedural grounds is available pursuant Fed. R. Civ. P. 60(4) for a void judgment. Relief may be granted where a defendant demonstrates that he or she received no actual notice of the action before the answer was due. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 85-86 (1988). Relief from default may also be granted where a defendant demonstrates defects in the service of process, even if the defendant had actual notice. *SEC v. Internet Solutions for Business Inc.*, 509 F.3d 1161, 1165-66 (9th Cir. 2007). Plaintiff's proof of service "constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *Id.* at ll66.

ORDER - 2

RCW 23B.05.040 provides for service on a corporation in pertinent part as follows:

> (1) A corporation's registered agent is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the corporation.

This section also provides that the secretary of state shall be an agent of the corporation if "The registered agent cannot with reasonable diligence be found at the registered office." RCW 23B.05.040(2)(b)

## DISCUSSION

In seeking an order setting aside the default judgment in this case, Defendant does not argue mistake, inadvertence, surprise, or excusable neglect. Defendant's argument is that they did not receive the required notice, that Plaintiff knew about Defendant's California case before obtaining the default judgment and from that it was obvious that Defendant intended to defend itself. Defendant also argues that The Secretary of State is an authorized agent under RCW 23B.05.040 only if the corporation's registered agent "cannot with reasonable diligence be found at the registered office." Defendant argues that the process server, ABC, made the attempts to serve Registered Agent Marchenko at his personal residence and showed up there in the middle of the day on two or more successive weekdays, but the process server should have delivered the summons and complaint at a time when Mr. Marchenko would more likely be there. Defendant argues this was not the case of someone hiding or giving the wrong address, and Mr. Marchenko cannot be faulted for being away when no one told him to expect a process server to show up. Defendant argues that as to the mail from the Secretary of State, although it was sent to the correct address, nevertheless, it was returned to the Secretary of State unopened. Thus, there was no notice.

There are problems with Defendant's arguments that Plaintiff failed to give notice and serve process. A registered agent who is unavailable for personal service during business hours at the address the registered agent provides should expect a process server to have problems with service if no one is there during business hours who can accept service or redirect the process server at the

ORDER - 3

address given.  Since  RCW 23B-05.040 provides in its first sentence that "(1) A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation," a process server may reasonably expect to find the registered agent present during business hours.

Moreover, it is not unreasonable to expect that a corporation's registered agent who gives his personal residence as the contact point would pick up certified mail  from the State of Washington, Office of the Secretary of State, Corporations Division.  Marchenko's failure to do so is inexplicable, particularly since he indubitably is aware that as a registered agent he may from time to time receive documents related to his duties as a registered agent. This is particularly so given that Marchenko is away from the designated address at a gated community during business hours.  Defendant presents no excuse for its registered agent failing to pick up certified mail from the Corporations Division.

## CONCLUSION

Under all the circumstances, the process server used reasonable diligence in attempting service.  When the process server's efforts failed, the Corporations Division sent notice to the correct address provided for the Defendant's registered agent.  The registered agent, however, failed to pick up the certified mail.  Consequently, the Court finds that Defendant has not set forth sufficient grounds for relief from judgment.   NOW, THEREFORE,

IT IS ORDERED: Defendant's Motion To Vacate Order and Judgment of Default [Dkt. # 11] is DENIED; Plaintiff's Motion for Terms [Dkt # 14] is found to be MOOT.

DATED this 9th day of September, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4